UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RUSH,<br><br>    Plaintiff,<br>v.<br>GEORGE J. GIURBINO; DAVE KHATRI,<br><br>    Defendants. | Civil No.07cv1599 LAB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 10] |

  Plaintiff Jason Rush, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, in which he alleges that various defendants violated his constitutional rights.  On January 16, 2008, Plaintiff filed a motion (1) objecting to Judge Stormes' order extending the time for Defendants to respond to the complaint; (2) for appointment of counsel; and (3) for entry of default against defendant Khatri and a finding of contempt against his attorney.  This order addresses only the second request in Plaintiff's motion; the district judge will address the remaining two requests.  Plaintiff asks the Court to appoint counsel for him because he says he has no formal training in law or federal court procedures and cannot adequately or effectively represent himself.

  The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is at the district court's discretion, and requires the court to make a finding of "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).  Such a finding "requires an evaluation of both the 'likelihood of

1  success on the merits [and] the ability of the petitioner to articulate [his/her] claims *pro se* in light of the
2  complexity of the legal issues involved.'" *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997);
3  *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).
4  Neither of these issues is dispositive, and both should be viewed together before reaching a decision. *Id.*

5       Based on the current record the Court has no reason to believe that Plaintiff is incapable of
6  having a sufficient grasp of his case or the legal issues involved, or that Plaintiff might not be able to
7  adequately articulate and communicate the basis of his claims. Plaintiff has failed to plead facts
8  sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28
9  U.S.C. § 1915(e)(1).

10      Accordingly, the Court **ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**
11 without prejudice.

12      **IT IS SO ORDERED**.

13 DATED: January 24, 2008

15 Hon. Nita L. Stormes
U.S. Magistrate Judge