# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RUSH,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>GEORGE J. GIURBINO, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 07cv1599-LAB (NLS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER** |

On December 26, 2007, Defendant Khatri moved *ex parte* for an extension of time in which to answer. Stephen Aronis, the Deputy Attorney General assigned to this case, submitted a declaration stating, among other things, documents needed to respond to the complaint had been ordered from the California Department of Corrections and Rehabilitation had been ordered but not yet received. He also stated he would be abroad from January 2–22, 2008. He added he was not able to contact Plaintiff before filing his application.

Magistrate Judge Nita Stormes, to whom this case has been referred pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.3, granted the *ex parte* request, extending the time by which Defendant Khatri was required to answer until February 29, 2008. Plaintiff then filed a pleading seeking reconsideration of the Court's denial of his request for appointed counsel, objecting to Judge Stormes' order granting the extension, and requesting entry of default.

Defendant Giurbino then separately moved *ex parte* for an extension of time to answer, also until February 29, 2008. Judge Stormes granted this request on January 28, 2008, and no objection has been received.

Plaintiff provides several different arguments in support of his objections. Among them are the following: 1) Magistrate Judge Stormes lacked the authority to grant Defendant Khatri's request; 2) Plaintiff needs the case to be resolved quickly so he can obtain medical care, 3) Defendants were already in default when Khatri requested the extension; 4) Defendant Khatri already has the records he needs; 5) Defendants' counsel could easily respond without the extension; and 6) Mr. Aronis did not contact him before filing the application.

Under Fed. R. Civ. P. 72(a), a party may object to a magistrate judge's order on a nondispositive matter within 10 days of being served with a copy of the order. The district judge must consider timely objections and modify or set aside any part of the magistrate judge's order that is clearly erroneous or contrary to law. Judge Stormes has separately issued a ruling on Plaintiff's renewed request for appointment of counsel. The Court now addresses Plaintiff's objections.

As noted above, pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may appoint a magistrate judge to hear and decide pretrial matters, except for certain types of matters listed in the statute. Motions for extensions of time to answer may be decided by magistrate judges. Pursuant to Civil Local Rule 72.3, Magistrate Judge Stormes was assigned to decide all pretrial motions in this case, except for the types of motions listed in the statute. Judge Stormes therefore had the authority to rule on Defendant Khatri's motion for extension of time to answer.

Plaintiff asserts he needs this case resolved as quickly as possible so he can obtain medical treatment he needs. However, forcing Defendants to answer before they are reasonably ready to do so is not necessary, because Plaintiff has the option of seeking a preliminary injunction. Furthermore, while Plaintiff believes he will prevail in this action, he has not demonstrated he is likely to do so.

1   Defendants Khatri's answer was not overdue when he sought an extension of time,
2 as Plaintiff has contended. Under Fed. R. Civ. P. 12(a)(1)(A), Defendant Khatri had 20 days
3 to answer after being served. The returns of service, filed January 11, 2008, show process
4 was mailed on November 29, 2007. Under Rule 6(e), service by mail adds three days to
5 Defendants' time to answer, extending the time until December 22, 2007, a Saturday. The
6 following Monday, December 24, the Court was closed pursuant to General Order No. 566,
7 filed December 20, 2007. The following day, December 25, was a holiday and the Court was
8 again closed. Under Rule 6(a), the first day Defendants were required to file their answer
9 was the next day, December 26. They returned waivers of service on January 9, 2008.

10   Whether Defendant Khatri has the records he needs to respond is questionable, and
11 there is no certainty Plaintiff knows what those records are. His statement that they consist
12 solely of medical records is speculative and Judge Stormes' acceptance of Mr. Aronis'
13 declaration regarding the documents he needed was not clearly erroneous.

14   Plaintiff states even if Mr. Aronis were unavailable, some other Deputy District
15 Attorney should be assigned to the case to file an answer or other response. Even if it were
16 clear the Court could properly direct the District Attorney's staffing of cases in this particular
17 situation, the Court would not do so. Requiring a new attorney to assume responsibility for
18 the case would be disruptive and would not justify the savings of a few days.

19   Plaintiff's assertion that Defendant's counsel could have contacted him but did not do
20 so is speculative. For a variety of reasons, communication with inmates is a difficult logistical
21 matter and frequently difficult to arrange even with advance notice. Plaintiff's assertion that
22 Defendant's counsel could have contacted him by phone at any time but made no attempt
23 to do so is therefore speculative. Furthermore, Plaintiff has attempted to show why granting
24 the extension was improper but has not, in the Court's view, done so. Therefore, even if
25 Plaintiff had been contacted regarding Defendant Khatri's *ex parte* application, there is no
26 reason to believe the outcome would have been different.

27   In short, none of Plaintiff's objections show Judge Stormes' order was clearly
28 erroneous or contrary to law. Furthermore, because Defendant Giurbino will not be required

to respond until February 29, 2008 (a ruling Plaintiff has not objected to), granting Defendant Khatri's request for an extension is unlikely to prejudice Plaintiff.

As noted, Defendants timely appeared in this case. Therefore, entry of default under Fed. R. Civ. P. 55(a) would be improper.

Plaintiff's objections to Judge Stormes' order are **OVERRULED**, and his request for entry of default is **DENIED.**

**IT IS SO ORDERED**.

DATED: February 26, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge