1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JASON RUSH,

                                        Plaintiff,

            vs.

GEORGE J. GIURBINO, et al.,

                                        Defendants.

CASE NO. 07cv1599-LAB (NLS)

**ORDER ADOPTING REPORT
AND RECOMMENDATION; AND**

**ORDER OF DISMISSAL**

On August 10, 2007, Plaintiff filed his complaint seeking remedies under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights.  Plaintiff alleged Defendants were responsible for his being assaulted and beaten by fellow inmates, and afterwards for his failure to receive needed medical treatment and care for his injuries.

This matter was referred to Magistrate Judge Nita L. Stormes for report and recommendation pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). Defendants filed a non-enumerated motion under Fed. R. Civ. P. 12(b) seeking dismissal of the complaint for failure to exhaust administrative remedies, failure to state a claim upon which can be granted, and qualified immunity (the "Motion to Dismiss").  The Motion to Dismiss also asked the Court to strike Plaintiff's request for punitive damages.

Following briefing, Judge Stormes issued her report and recommendation (the "R & R") recommending dismissing the complaint without prejudice for failure to exhaust

administrative remedies or, in the alternative, for failure to state a claim.  The R&R recommends granting the request to strike Plaintiff's prayer for punitive damages and also denying as moot the request to dismiss on the basis of qualified immunity.

The R&R ordered the parties to file and serve any objections to the R&R no later than August 1, 2008.  The R&R advised the parties that failure to file objections within the time permitted may waive the right to raise those objections on appeal of the Court's order.

Neither party filed objections within the time permitted or sought an extension of time in which to file objections.

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes.  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  "[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.")

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). In ruling on a motion to dismiss for failure to state a claim, however, the Court accepts factual allegations as true and construes the pleadings in the light most favorable to the nonmoving party. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

The Court has reviewed the R&R and finds it to be correct.  Therefore, the Court **ADOPTS** the R&R.  Plaintiff's prayer for punitive damages is **STRICKEN**.  The Complaint is **DISMISSED WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND** for failure to

/ / /

/ / /

07cv1599

1    exhaust administrative remedies.  Defendants' request to dismiss on the basis of qualified

2    immunity is **DENIED AS MOOT**.

3            **IT IS SO ORDERED**.

4    DATED:  August 19, 2008

5

6    **HONORABLE LARRY ALAN BURNS**
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28